```
 1
 2
 3
 4
 5
 6
 7
 8                          UNITED STATES DISTRICT COURT
                           WESTERN DISTRICT OF WASHINGTON
 9                                    AT TACOMA

10   MELINDA S. PACHECO,                        Case No.  C06-5407RBL
11                  Plaintiff,
                                                REPORT AND
12          v.                                  RECOMMENDATION

13   JO ANNE B. BARNHART,                       Noted for March 9, 2007
     Commissioner of Social Security,
14
                    Defendant.
15
16
```

17    This matter has been referred to Magistrate Judge J. Kelley Arnold pursuant to 28 U.S.C. §

18 636(b)(1)(B) and Local Magistrate Rule MJR 4(a)(4) and as authorized by Mathews, Secretary of H.E.W.

19 v. Weber, 423 U.S. 261 (1976). This matter has been briefed by the parties, and the court heard oral

20 argument on February 8, 2007. After reviewing the arguments and the administrative record, the

21 undersigned submits the following report, recommending that the Court remand the matter to the

22 administration for further review.

## **INTRODUCTION**

24    Plaintiff, Melinda Pacheco, was born in 1941. She completed high school, and she has past work

25 experience as a retail clerk, receptionist, general clerk, and data entry clerk. She has been married for

26 almost fifty years to her husband, Robert Pacheco. She and her husband moved to Washington state after

27 her retired from truck driving in California, and they have four children.

28    According to Plaintiff's husband, Mrs. Pacheco became very sensitive to pain following hand

REPORT AND RECOMMENDATION
Page - 1

surgery in the 1990's. Since that time Plaintiff has had trouble using her hands and holding items. Despite the issue with her hands, after moving to Washington Plaintiff was employed at Sears in the bed and bath department, and on November 29, 1996, she allegedly strained her back while helping a customer carry two bread makers (Tr. 470). Plaintiff went to the emergency room on December 2, 1996, where she explained that she originally injured her back while lifting a chair at a nursing home (Tr. 295). It appears Plaintiff was treated at an emergency room clinic on December 4, 1996, and December 24, 1996, for back pain (Tr. 37-38). Plaintiff resumed work at Sears following this injury, but re-injured her back in February 1997, after which she was eventually assigned to office duties. Plaintiff was laid off from working at Sears in January 1998, and she has not worked since (Tr. 478).

Plaintiff filed an application for Disability Insurance Benefits on March 16, 1999, alleging inability to work, beginning January 10, 1998, due to thoracic strain, osteoarthritis, back pain, obesity, diabetes, hand injury, and headaches. Plaintiff's application was denied initially (Tr. 36-44) and following an appeal to the administration's Appeals Council the matter was remanded for further review by the administrative law judge ("ALJ"). The ALJ issued a second decision on December 16, 2003, finding Plaintiff retained the ability to perform sedentary to light work activity (Tr. 18-28).

Following the ALJ's second denial, the matter was appealed to the U.S. District Court in Tacoma, C04-5710RBL. Based on stipulation by the parties the matter was remanded to the administration for reassignment to a different ALJ with directions for the ALJ to reevaluate the medical record and specifically evaluate the medical source opinions, giving explicit reasons for accepting or rejecting the same. The ALJ was further directed to reevaluate the claimant's residual functional capacity, including any limitations based on physical or mental impairments, as well as the claimant's capacity to perform past relevant work, and, if necessary, evaluate the claimant's capacity to perform other. The ALJ was given the authority to take any other actions necessary to develop the record and issue a new decision. Pursuant to the court's order, the case was assigned to ALJ Edward Nichols, who held a administrative hearing on February 17, 2006, and on May 18, 2006 issued a decision again denying Plaintiff's application of benefits. Judge Nichols reviewed the medical evidence, considered Plaintiff's testimony, along with testimony from a vocational expert, and concluded she was capable of performing past relevant work as a billing clerk, data entry clerk, general clerk, and retail sales clerk.

Plaintiff brings the instant action pursuant to 205(g) of the Social Security Act ("the Act"), as amended, 42 U.S.C. § 405(g), to obtain judicial review of the ALJ Nichol's final decision denying plaintiff's application for benefits.  Plaintiff specifically argues the following; (1) the ALJ's finding at step-four of the evaluation process  – that she retains the residual functional capacity to return and perform past relevant work – is not properly supported by evidence in the record; (2) the ALJ failed to properly assessed Plaintiff's mental limitations; (3) the ALJ failed to properly consider lay testimony evidence and Plaintiff's credibility; and (4) the ALJ failed to properly assessed Plaintiff's residual functional capacity (RFC).

## DISCUSSION

The Commissioner's decision must be upheld if the ALJ applied the proper legal standard and the decision is supported by substantial evidence in the record.  Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir. 1992); Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  Richardson v. Perales, 402 U.S. 389, 401 (1971); Fife v. Heckler, 767 F.2d 1427, 1429 (9th Cir. 1985).  It is more than a scintilla but less than a preponderance.  Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); Carr v. Sullivan, 772 F. Supp. 522, 525 (E.D. Wash. 1991).  If the evidence admits of more than one rational interpretation, this Court must uphold the Commissioner's decision.  Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984).

At step-four in the evaluation process, the ALJ must determine if an impairment(s) prevents the claimant from doing past relevant work and thus, must determine the claimant's residual functional capacity ("RFC").  If the ALJ finds that the claimant has not shown that she is incapable of performing past relevant work, the claimant is not disabled for social security purposes and the evaluation process ends at this point.  20 C.F.R. § 404.1520(e).  Plaintiff bears the burden to establish that she cannot perform past relevant work.  Roberts v. Shalala, 66 F.3d 179, 184 (9th Cir. 1995), *cert. denied*, 116 S.Ct. 1356 (1996).

Here, the ALJ Nichols found plaintiff capable of performing past relevant work as a billing clerk, data entry clerk, general clerk, and retail sales clerk (Tr. 819).  The ALJ wrote:

> The vocational expert was given two general hypothetical questions that encompassed sedentary and light work.  Light work requires someone to stand and/or walk for six hours in an eight hour day.  The expert stated that the hypothetical individual could return to claimant's past work as a billing clerk.  She could also work as a data entry clerk if she

REPORT AND RECOMMENDATION
Page - 3

could get up for a few minutes every hour. She could work as a general clerk and retail sales clerk.

Tr. 819. The hypothetical questions posed to the vocational expert were based on the ALJ's assessment of Plaintiff's RFC. The ALJ determined that Plaintiff retained the RFC to lift and/or carry up to 10 pounds frequently and up to 20 pounds occasionally; stand and/or walk for six hours in an eight-hour day, sit for six hours, and do unlimited pushing and pulling; must have the option to sit or stand every hour; *she can do gross manipulation with her right hand 50 percent of the time, which means she can do it for fifteen minutes and then needs a break*; and has no limitations on fine manipulation (Tr. 809) (emphasis added).

The court is persuaded by Plaintiff's argument that based on a 50% limitation in gross manipulation with her right hand she is not able to perform those jobs identified by the vocational expert. According to the Dictionary of Occupational Title, each of the four jobs identified by the expert requires "frequent" or "constant" use of one's arms and hands, and "frequent" use requires use up to two thirds of the time, exceeding the 50% level established by the ALJ.

Defendant argues Plaintiff's argument is without merit because the medical evidence supporting the ALJ's hand limitation is from 1991 and 1996, which is outside the relevant six month time frame of January 10, 1998 (Plaintiff's alleged onset date) through June 30, 1998 (Plaintiff's last dated insured). Defendant also argues the ALJ's finding of any hand limitation was erroneous and harmless error, as there is no medical evidence in the record to support the 50% gross manipulation of the right hand limitation during the relevant period. A review of ALJ Nicholls' decision does not reveal the exact basis for his findings, but it would appear that he relied on the 1991 and 1996 medical records to support the RFC. Accordingly, the court finds the ALJ erred at step-four when he concluded that Plaintiff, given her gross manipulation limitation to her right hand, is capable of returning to past relevant work.

## **CONCLUSION**

Based on the foregoing, the Court should remand the matter to the administration for further review. The ALJ erred at step-four of a five-step evaluation process, therefore, remand is appropriate to allow the administration the opportunity to correct the error and complete all five-steps of the administrative process. On remand the ALJ should reconsider Plaintiff's mental and physical limitations in order to determine her Residual Functional Capacity, as well as the lay witness evidence and Plaintiff's credibility.

1  Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the
2  parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P.
3  6. Failure to file objections will result in a waiver of those objections for purposes of appeal. <u>Thomas v.</u>
4  <u>Arn</u>, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to
5  set the matter for consideration on **March 9, 2007**, as noted in the caption.

      DATED this 12th day of February, 2007.

                                        */s/ J. Kelley Arnold*
                                        J. Kelley Arnold
                                        U.S. Magistrate Judge